USDC- BALTIMORE
'23 SEP 12 AM 11:58

## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Cruddy Conniving Crutball or "CCC" is an Enterprise primarily based in east Baltimore City founded around 2014. The Enterprise's main purpose was to commit violent acts to promote the reputation of the Enterprise and to command respect from the neighborhood. The Defendant, Devin Mitchell, is a member of the Enterprise. He and other defendants are responsible for more than a dozen murders and numerous non-fatal shootings, robberies, and carjackings between 2015 and 2020.

The Enterprise benefitted financially from, and affected interstate commerce by, selling narcotics, murdering drug dealers, taking contract killings, and engaging in street robberies. The Enterprise also robbed dice games for cash and occasionally carjacked vehicles. Members of the Enterprise would divide the proceeds of the robberies and murders among members who participated, and often contact each other to commit a robbery if that member needed money.

The Enterprise routinely used social media to identify and locate victims, and to communicate with each other and share information so each member could be aware of possible retaliation. If a member was arrested, other members of the Enterprise would start new communication group chats or threads out of fear of law enforcement finding previous threads from an arrested member and following other members. The Enterprise also existed to conceal their acts.

The Enterprise used at least fourteen firearms to commit crimes, often trading with each other or other groups to avoid detection through ballistic evidence. They limited conversations about criminal plans to members of the Enterprise regardless of the danger such acts posed to associates. Enterprise members also critiqued each other after committing crimes regarding ways to improve their actions.

At least two or more members of the enterprise agreed to commit the following racketeering acts in furtherance of the Enterprise, which are linked together through cell-site information, ballistic evidence, witness testimony, and the contents of the Defendant's and conspirators' cellphones and social media accounts. Specifically, to further the Enterprise, Triple C members committed the following acts, in furtherance of and within the scope of the Triple C Enterprise and the racketeering conspiracy discussed herein, and such acts were reasonably foreseeable to the Defendant and were within the scope of the Defendant's agreement to engage in the affairs of Triple C through a pattern of racketeering activity:

- the December 31, 2018, murder of Corey Mosely in Baltimore City, Maryland, during which at least one member of the conspiracy fired a firearm, striking and killing Mosely;

- the February 24, 2019, attempted murder of Q.W. in Baltimore City, Maryland during which at least one member of the conspiracy fired a firearm, striking Q.W.; and

- the March 2, 2019, attempted murder of a rival in Baltimore City, Maryland during which at least one member of the conspiracy fired a firearm.

In addition to these violent acts, the Defendant also agrees that he agreed to distribute and possess with the intent to distribute controlled substances, in violation of 21 U.S.C. § 846 and that it was reasonably foreseeable that the Enterprise would be responsible for possessing with the intent to distribute over 280 grams of crack cocaine. Evidence of this agreement includes controlled buys by ATF agents in and around the Enterprise's territory; pole camera footage of the drug shop; and social media posts.

The Defendant agrees that he knowingly and willfully became a member of the agreement to participate in the enterprise and that he agreed to commit two racketeering acts, as that term is defined in 18 U.S.C. § 1961(1). The Defendant also agrees that it was reasonably foreseeable to him that a victim could be murdered or shot during the course of the conspiracy.

All events occurred in the District of Maryland.

SO STIPULATED:

_____
Patricia McLane
Michael Hanlon
Assistant United States Attorneys

_____
Devin Mitchell, Defendant

_____
Jeffrey Ertel, Esq., Counsel for Defendant